# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NA-QUAN KURT LEWIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-359-RGA |
| DETECTIVE AHMARD REDDICK, et al., | : |
| Defendants. | : |

Na-Quan Kurt Lewis, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 31, 2017
Wilmington, Delaware

*signature* ANDREWS, U.S. District Judge:

Plaintiff Na-Quan Kurt Lewis, a pretrial detainee at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

Plaintiff was indicted on weapons charges and a warrant issued for his arrest on July 11, 2016. Plaintiff was arrested, transported to the Wilmington Police Department, and taken to a room to be interviewed by Defendant Detective Ahmard Reddick. Plaintiff advised Reddick that he did not want to talk, and Plaintiff was taken to his cell. Plaintiff was then transported to the hospital for medical treatment for an injury he sustained prior to his arrest and later taken to the HRYCI.

Plaintiff states that Reddick was later arrested for arson and providing false statements to law enforcement after he allegedly hired someone to spray paint OMB and blow up his car for the insurance money.[1] OMB is the shortened name of the street gang, Only My Brothers. During the summer of 2016, the Delaware Department of Justice obtained a gang indictment that linked 28 men to the OMB. *See* http://www.delawareonline.com/story/news/crime/2016/07/21/gang-rivalry-causes-deadly-summer-wilmington/87393538/ (last visited May 18, 2017). The Complaint states that Plaintiff

---

[1] It was reported that Reddick hired a friend to set his car on fire and peg the arson on the OMG, a gang he was investigating. Reddick pled guilty to reckless burning and theft and was sentenced to probation. *See* http://www.delawareonline.com/story/news/crime/2017/04/28/ex-wilmington-cop-gets-probation-torching-car/101018482/ (last visited May 18, 2017).

was named in the indictment, but he was not a gang member and, while the charges were dropped, he was later reindicted.

A few days later, Plaintiff was arraigned and requested a speedy trial. Defendant Natalie Woloshin was appointed to represent Plaintiff in the criminal matter. Plaintiff was to receive discovery by January 7, 2017, but did not receive it until March 6 or 7, 2017. At some point in time a hearing was held, and Plaintiff advised the State court that he wished to proceed *pro se* because Woloshin refused to file any motions. Defendant Judge Ferris Wharton told Plaintiff that he was not competent to represent himself. Plaintiff advised Judge Wharton that he had filed a motion for a speedy trial and Judge Wharton advised him that the matter would be tried in October or November. During a court recess, Woloshin and Defendant Albert J. Roop, who is prosecuting the case, engaged in plea negotiations.

Plaintiff alleges that a "dirty" search warrant was obtained for his brother's telephone which apparently resulted in the firearm charges against Plaintiff. (D.I. 2 at 7). He explains that Roop waited until his brother "took his plea" in the middle of February before belatedly provide discovery to Plaintiff so that Plaintiff could not timely file a motion to suppress. Plaintiff claims that a suppression hearing will result in dismissal of the charges against him. Plaintiff asks the Court to dismiss his criminal case.[2] He also seeks compensatory damages.

---

[2]Such relief is not cognizable in a § 1983 action. Plaintiff essentially is challenging the State court indictment or charges themselves and, therefore, the claim must be raised in his pending criminal proceedings in State court. A federal court generally will not intercede to consider issues that Plaintiff has an opportunity to raise before the State court. See *Younger v. Harris*, 401 U.S. 37 (1971).

2

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim

3

under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they

4

plausibly state a claim. See *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

DISCUSSION

The Complaint contains no allegations against Defendant Devon Jones, a detective for the Wilmington Police Department. See *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing). Therefore, Jones will be dismissed as a defendant as the claim against him is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The Court will dismiss the claim against Judge Wharton as he is immune from suit. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. The Complaint contains no allegations that Judge Wharton acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *Mireles*, 502 U.S. at 11.

The Court will also dismiss the claim against Roop who is protected by the doctrine of absolute prosecutorial immunity. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. See *Odd v.*

5

*Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Davis v. Grusemeyer*, 996 F.2d 617, 629 (3d Cir. 1993) (prosecutor's decision whether to dispose of a case by plea bargain protected by the doctrine of absolute prosecutorial immunity). Given his immunity from suit, the allegations against Roop do not give rise to a viable claim under § 1983.

With regard to Woloshin, she will be dismissed as a defendant because she is not a State actor as is required under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. As alleged, Woloshin was appointed to represent Plaintiff in his criminal matter. Similar to a public defender, Woloshin does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981).

Finally, the allegations against Reddick do not rise to the level of a constitutional violation. Plaintiff alleges that when he was taken to the interview room, Reddick read Plaintiff his rights, Plaintiff indicated that he did not want to talk, and he was returned to his cell. While Plaintiff makes reference to Reddick's own criminal problems, the

6

Complaint does not connect Plaintiff's criminal charges with Reddick's criminal charges. Even when liberally construing Plaintiff's allegations, they do not suffice to state a cognizable claim against Reddick. The Court's experience and common sense lead it to recognize that the claim against Reddick does not state a facially plausible claim for relief. See *Iqbal*, 556 U.S. at 679.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The Court finds amendment futile.

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NA-QUAN KURT LEWIS, :
:
    Plaintiff, :
:
v. : Civ. No. 17-359-RGA
:
DETECTIVE AHMARD REDDICK, et al., :
:
    Defendants. :
:

## ORDER

At Wilmington this \_\_\_\_ day of May, 2017, consistent with the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED as frivolous and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Amendment is futile.

2. The Clerk of Court is directed to CLOSE the case.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE